# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00085-CR

**Max Elliott Ray, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. D-1-DC-11-300233, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant pled not guilty to two counts of sexual assault. He was convicted by the jury and sentenced to six years imprisonment. The trial court's certification of his right to appeal, however, states that appellant waived his right to appeal.[1]

In determining whether an appellant in a criminal case has the right to appeal, we examine the trial court's certification for defectiveness, defined as a certification that is "correct in form but which, when compared to the record before the court, proves to be inaccurate." *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005). If the certification appears to be defective, we must obtain a correct certification. *Id.* at 614-15; *see also* Tex. R. App. P. 34.5(c), 37.1.

In this case, the record does not support the trial court's certification that appellant waived his right to appeal. Therefore, we abate the appeal and remand it to the trial court to issue

---

[1] Appellant and his trial counsel both signed the certification form.

an amended and corrected certification.  *See Dears*, 154 S.W.3d at 614-15; Tex. R. App. P. 37.1. The trial court clerk is instructed to forward a supplemental clerk's record containing the amended certification to the clerk of this court no later than September 6, 2013.

_____

David Puryear, Justice

Before Justices Puryear, Rose and Goodwin

Abated

Filed:   August 8, 2013

Do Not Publish